```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
RAMON A. PEREZ-MENDEZ,
                                *
     Petitioner,
                                *
          v.                        CIVIL NO.:    WDQ-08-0366
                                *   CRIMINAL NO.: WDQ-03-0341
UNITED STATES OF AMERICA,
                                *
     Respondent.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is Ramon A. Perez-Mendez's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and his request for an evidentiary hearing. The Court has reviewed the record and determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Perez-Mendez's motion will be denied.

I.   Background

On November 24, 2003, Perez-Mendez pled guilty to conspiracy to distribute and to possess with intent to distribute heroin and cocaine. On February 12, 2004, Perez-Mendez was sentenced to 189 months imprisonment and five years of supervised release. On February 19, 2004, Perez-Mendez appealed his sentence to the Fourth Circuit, alleging, *inter alia*, that the district court abused its discretion by enhancing his sentence based on its

finding that he obstructed justice.  The Fourth Circuit upheld Perez-Mendez's conviction, but vacated his sentence and remanded the case to district court for re-sentencing.  *United States v. Perez-Mendez*, 162 F. App'x 207 (2005).

On March 20, 2006, Perez-Mendez was re-sentenced to 168 months imprisonment and five years of supervised release.  Perez-Mendez appealed, and the Fourth Circuit affirmed, finding that the sentence was reasonable because it was within the properly calculated advisory guidelines range, and the court had considered the statutory factors.  *United States v. Perez-Mendez*, 206 F. App'x 287 (2006).

On February 11, 2008, Perez-Mendez filed a motion to vacate, set aside, or correct his sentence, stating two grounds for relief: (1) ineffective assistance of counsel and (2) improper sentencing by the Court.

II. Analysis

    A.   Ineffective Assistance of Counsel

Perez-Mendez contends that his right to effective assistance of counsel was violated because: (1) his plea was involuntary because his counsel pressured him to plead guilty; (2) his trial counsel misrepresented the sentence he faced by pleading guilty; (3) his appellate counsel failed to assert that he was entitled to a downward adjustment based on his minor role in the offense; (4) during re-sentencing his counsel failed to (a) re-assert that

he was entitled to a downward adjustment and (b) request a below guidelines sentence.

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Perez-Mendez must show that his counsel's performance was deficient, and that the deficiency prejudiced the defense. *Id.* at 687. This requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Perez-Mendez must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Only if deficient performance and prejudice are established can it be concluded that counsel's assistance was defective. *Id.* at 687. If the defendant cannot prove prejudice, "a reviewing court need not consider the performance prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992) (*citing Strickland*, 466 U.S. at 697).

1.  Plea Agreement

Perez-Mendez asserts that his plea was involuntary because his counsel pressured him to plead guilty and overstated the benefits of pleading guilty. Perez-Mendez claims that his counsel advised him that if he pled guilty he would receive a sentence of 41 months.

The *Strickland* ineffective assistance of counsel standard

applies in guilty pleas.  *Beck v. Angelone*, 261 F.3d 377, 394 (4th Cir. 2001).  Perez-Mendez must demonstrate that his counsel's performance fell below an objective standard of reasonableness and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  In determining the validity of a guilty plea, the Court asks "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  The voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and the totality of the circumstances surrounding the guilty plea.  *Brady v. United States*, 397 U.S. 742, 749 (1970).

   The record establishes that Perez-Mendez knowingly and voluntarily entered the plea agreement.  At the Rule 11 plea hearing, the Court conducted an extensive colloquy with Perez-Mendez (through a Spanish interpreter) concerning the voluntariness and intelligence of his guilty plea.  Perez-Mendez stated that he understood and agreed to the terms of the plea agreement, and he acknowledged that no threats or promises had been made to him about the sentence he would receive.  United

States's Resp. Mem. Ex. 4 (Rule 11 Hr'g 10:18-23, 11:6-12, Nov. 24, 2003).  The plea colloquy also demonstrates that Perez-Mendez was satisfied with his attorney, understood the sentencing guidelines, and knowingly and voluntarily pled guilty.  Rule 11 Hr'g 6:1-16.  Moreover, the entire plea agreement was reviewed with Perez-Mendez in Spanish.  Rule 11 Hr'g 6-10:1-6; *see also* Plea Agreement at 11.  Accordingly, Perez-Mendez has failed to demonstrate that his guilty plea was involuntary.

There is also no evidence that Perez-Mendez's counsel misrepresented the sentence he would receive under the plea agreement.  The plea agreement that Perez-Mendez signed and agreed to set forth the maximum penalty he could receive: life imprisonment with a minimum mandatory sentence of ten years.  Plea Agreement at 2.  The Court also advised Perez-Mendez of the maximum penalty he could receive under the plea agreement.  Rule 11 Hr'g 3:18-24.  Indeed, when asked if he understood the maximum penalties, he responded, "yes."  Rule 11 Hr'g 4:5-7.  Perez-Mendez also agreed that no one had promised any particular sentence.  Rule Hr'g 11:9-12.  Thus, Perez-Mendez's claim that counsel misrepresented his sentence is without merit.

   2.   Appeal of Sentence

Perez-Mendez contends that his appellate counsel was ineffective because he failed to challenge the trial court's refusal to adjust his sentence downward.  The Due Process

5

Clause requires that a defendant receive effective assistance of counsel on his direct appeal.  *Evitts v. Lucey*, 469 U.S. 387 (1985).  However, appellate counsel has no constitutional duty to raise every non-frivolous issue on appeal.  *Jones v. Barnes*, 463 U.S. 745 (1983).  Counsel must be allowed to exercise reasonable professional judgment in selecting those issues most promising for review because "to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy."  *Id.* at 754.

Perez-Mendez's counsel's performance was effective.  At Perez-Mendez's original sentencing, his counsel sought a downward adjustment, arguing that he played a minor role in the offense.  United States's Resp. Mem. Ex. 5 (Sentencing Hr'g 12:13-24, 13:11-13, Feb. 12, 2004).  The Court rejected this argument.  It was within appellate counsel's reasonable professional judgment to find no merit in this issue.

    3.   Re-Sentencing

Perez-Mendez claims that he received ineffective assistance of counsel because his counsel failed to re-assert that he was entitled to a downward adjustment for his minor role in the offense.  As the record indicates that Perez-Mendez's counsel *did* request a downward adjustment, this allegation is without merit.  *See* Re-Sentencing Hr'g 15:7-25, 16:1-4, Mar. 20, 2006.

Perez-Mendez also argues that his counsel should have

6

objected to the sentence imposed as not in accordance with *United States v. Booker*, 543 U.S 220 (2005), because the Court placed too much emphasize on the Guidelines range and failed to consider the § 3553(a) factors. Perez-Mendez also claims that his counsel should have requested a below-Guidelines sentence. Although Perez-Mendez's counsel did not request a below-Guidelines sentence, he provided the Court with mitigating factors in an effort to reduce Perez-Mendez's sentence. There was no basis for Perez-Mendez's counsel to object to the sentence because it was within the Guidelines range and considerably less than his original sentence of 189 months. Moreover, the Fourth Circuit affirmed Perez-Mendez's sentence as reasonable and consistent with *Booker*; his counsel's failure to object to the sentence was a proper exercise of professional judgment.

   B.   Sentencing by the Court

Perez-Mendez asserts that his sentence was improper because the Court overwhelming relied on the Guidelines and failed to address the 18 U.S.C. § 3553(a) factors as required by *Booker*. Under *Booker*, the federal sentencing guidelines are now advisory, and the district court must engage in a multi-step process during sentencing. *United States v. Byrd*, No. 06-5162, 2008 WL 2035609, at *1 (4th Cir. May 13, 2008). The court must correctly calculate the appropriate advisory Guidelines range. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). The court then must

7

consider the Guidelines range in conjunction with the factors set forth in 18 U.S.C. 3553(a).  *Id.* at 596.  The court "may not presume that the Guidelines range is reasonable" but rather "must make an individualized assessment based on the facts presented" in determining an appropriate sentence.  *Id.* at 596-97.

Perez-Mendez's sentence was constitutionally valid.  The Court determined the applicable guidelines range and considered the § 3553(a) factors before imposing the sentence of 168 months.  The Fourth Circuit also affirmed Perez-Mendez's sentence as reasonable.  That Perez-Mendez's sentence was within the guidelines does not demonstrate that the Court failed to consider the § 3553(a) factors.  Accordingly, the sentence will not be disturbed.

III. Conclusion

For the above stated reasons, Perez-Mendez's motion will be denied.

| | |
|---|---|
| <u>June 18, 2008</u><br>Date | _____/s/_____<br>William D. Quarles, Jr.<br>United States District Judge |